UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHARLES RAY JOHNSON, <br><br> Petitioner, <br><br> vs. <br><br> DOUG CLARK[1]; SOUTH DAKOTA ATTORNEY GENERAL, <br><br> Respondents. | 4:21-CV-04116-KES <br><br><br> REPORT AND RECOMMENDATION |

**INTRODUCTION**

This matter is before the court on the *pro se* petition pursuant to 28 U.S.C. § 2254 of Charles Ray Johnson, an inmate at the South Dakota State Penitentiary. Docket No. 1. Now pending is a motion to dismiss for failure to state a claim upon which relief can be granted by respondents. Docket No. 7. This matter was referred to this magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, United States District Court Judge.

---

[1] Mr. Johnson originally named Darrian [sic] Young, former warden of the South Dakota State Penitentiary, as a respondent. Mr. Young has been separated from that office. According to Federal Rule of Civil Procedure 25(d), the court substitutes Mr. Clark in his place.

## FACTS

The facts pertinent to the pending motion are as follows. There are three convictions at play in Mr. Johnson's criminal history:

(1) a drug-related offense from Minnehaha County in File 12-6886 ("drug offense"), in which sentence was imposed October 9, 2013;

(2) a grand theft offense from Clay County in File 17-155 ("grand theft #1"), in which sentence was imposed January 5, 2018; and

(3) a grand theft offense from Clay Count in File 20-55 ("grand theft #2"), in which sentence was imposed December 28, 2020.

Mr. Johnson's petition alleges the South Dakota Board of Pardons and Parole ("Board") violated his constitutional rights in connection with the revocation of his parole in grand theft #1. See Docket No. 1 at p. 1. He does not raise any claims relating to the drug offense or grand theft #2, but those cases are relevant for context.

Mr. Johnson pleaded guilty to grand theft #1 and was sentenced on January 5, 2018. Docket No. 8-3 at p. 1. The state court sentenced him to five years in the penitentiary, suspended in its entirety. Id. at p. 2. In the drug case, Mr. Johnson was sentenced to eight years in the penitentiary with four of those years suspended.[2] Docket No. 8-2 at p. 1. The sentence in the drug case had been imposed on October 9, 2013. Id. at p. 2.

---

[2] Respondents assert that the sentence for grand theft #1 was to be served concurrently with the drug sentence, citing to attachment 2 to respondent's brief. Docket No. 8 at p. 2. But attachment 2 is the drug offense judgment (see Docket No. 8-2) which does not mention the grand theft #1 sentence—it couldn't: the drug offense judgment was entered more than four years before the grand theft #1 sentence was entered. Neither does the grand theft #1 judgment make any reference to having the sentence in that case run

Following Mr. Johnson's conviction and sentence in grand theft #1, he did not file a direct appeal. At that time, he was on parole supervision for the drug offense. Docket No. 8-1 at p. 5. By operation of SDCL § 23A-27-18.4, the Board had supervision over Mr. Johnson on both grand theft #1 and the drug offense.

Mr. Johnson signed a parole agreement which stated his "parole agent has the authority to place [him] in custody at any time and begin revocation proceedings if [he is] alleged to be in violation of any of the conditions of [the] agreement." Docket No. 8-1 at pp. 11-12. If Mr. Johnson violated conditions of his parole, the agreement provided the Board could revoke the suspended portion of his sentence, impose the entire sentence, and/or refuse to give him credit for time spent on parole and/or supervision. Id. at p. 17.

A violation report was filed indicating that Mr. Johnson had violated the terms of his supervision on October 12, 2018, by absconding from supervision, committing the crime of impersonation to deceive law enforcement, using marijuana on several occasions, failing to maintain employment, and failing to attend his meetings with his parole officer. Docket No. 8-1 at pp. 5-10. An arrest warrant was issued (Docket No. 8-1 at pp. 1-2) and Mr. Johnson was apprehended on February 25, 2019. Id.

---

concurrent with the drug offense sentence. See Docket No. 8-3. Therefore, the court cannot conclude that the two sentences were intended to run concurrently as neither judgment so specifies. This fact is not material to the court's analysis.

The Board held a probable cause hearing on March 1, 2019, and Mr. Johnson attended the hearing. Docket No. 8-1 at p. 3. The hearing officer determined there was probable cause to believe Mr. Johnson had violated terms of his supervision. Id. Mr. Johnson waived his right to appear before the Board for a final hearing to determine whether he violated terms of supervision. Docket No. 8-1 at p. 17.

On March 6, 2019, the Board extended a dispositional offer to Mr. Johnson and he accepted the offer. Docket No. 8-1 at pp. 17-19. Based on the accepted dispositional offer, the Board revoked Mr. Johnson's parole on March 13, 2019. Docket No. 8-1 at pp. 20-24. In accord with the dispositional offer accepted by Mr. Johnson, the Board imposed the entire 5-year sentence that had been suspended in grand theft #1, re-suspended one year and six months, and denied Mr. Johnson credit for 200 days spent on supervision. Id. A Notice of Entry of the Board's decision was served on Mr. Johnson on March 15, 2019. Docket No. 8-1 at p. 25. Mr. Johnson did not appeal the Board's decision to the state circuit court within 30 days—but the notice of entry did not advise him of his right to appeal or the applicable time period. Id.

Mr. Johnson was released on parole again on July 15, 2019. Docket No. 8-4. He was again convicted of grand theft ("grand theft #2") in Clay County and was sentenced on January 11, 2021, to five years in the penitentiary with two years suspended. Docket No. 8-5. Mr. Johnson is currently incarcerated pursuant to his judgment of conviction in grand theft #2. The Board did not revoke Mr. Johnson's parole in grand theft #1 after he was released for the

4

second time in July 2019.  Mr. Johnson is not in custody on his grand theft #1 conviction.

Respondent now moves to dismiss Mr. Johnson's petition without holding an evidentiary hearing, arguing that he has failed to state a claim upon which relief can be granted.  Docket No. 7.  Mr. Johnson filed a response.  Docket No. 12.

## DISCUSSION

### A.   Scope of a § 2254 Petition

A state prisoner who believes he is incarcerated in violation of the Constitution or laws of the United States may file a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Anti-Terrorism and Effective Death Penalty Act (AEDPA) constrains federal courts to exercise only a "limited and deferential review of underlying state court decisions."  Osborne v. Purkett, 411 F.3d 911, 914 (8th Cir. 2005).  A federal court may not grant a writ of habeas corpus unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law."  28 U.S.C. § 2254(d)(1).  A state court decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent."  Williams v. Taylor, 529 U.S. 362, 405-06, (2000).  A federal habeas court may not issue the writ merely because it concludes the state court applied the clearly established

federal law erroneously or incorrectly. Id. at 411. "Rather, that application must also be *unreasonable*." Id. (emphasis added).

The state court's factual findings are presumed to be correct, and a federal habeas court may not disregard the presumption unless specific statutory exceptions are met. Thatsaphone v. Weber, 137 F.3d 1041, 1045 (8th Cir. 1998); 28 U.S.C. § 2254(e). A federal habeas court must "more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair support' in the record." Marshall v. Lonberger, 459 U.S. 422, 432 (1983).

**B.   Mr. Johnson's Claims are Time-Barred**

AEDPA contains a one-year statute of limitations. Specifically, 28 U.S.C. § 2244(d) provides in relevant part:

> **(d)**   **(1)** A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
>> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> **(B)** the date on which the impediment to filing an application created by State action in violation the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See 28 U.S.C. § 2244(d)(1) and (2).

The Board entered its decision March 15, 2019. That decision became final 30 days later, April 14, 2019. SDCL § 1-26-31. Therefore, AEDPA required Mr. Johnson to file his petition with this court no later than April 14, 2020. In fact, he filed his petition with this court July 1, 2021, well over a year *after* the AEDPA limitations period had already expired.

Mr. Johnson states in his petition that he only just found out about the Board's actions with regard to his sentence. But that is contrary to the disposition he himself signed detailing the correctional remedy to be imposed on him and the notice of entry the Board served on him adopting the dispositional agreement. See Docket No. 8-1 at pp. 17-25. The documents bearing Mr. Johnson's signatures plainly advise him that the Board was going to impose his suspended sentence in grand theft #1 and take away 200 days credit for time spent on supervision. Id. Therefore, the court imputes knowledge of the Board's actions to Mr. Johnson as of the date the notice of entry of the Board's order was served on him.

The AEDPA limitations period is subject to equitable tolling, but the burden is on Mr. Johnson to establish grounds for such tolling. Holland v.

Florida, 560 U.S. 631, 649 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  He has not done so.  The court recommends dismissing his claim with prejudice as untimely.

**C.    Failure to Exhaust and Procedural Default**

Respondents argue that Mr. Johnson failed to exhaust his state court remedies before filing his petition in this court and that he has procedurally defaulted his claims because there are no avenues left to him now to accomplish the required state court exhaustion.

AEDPA requires § 2254 petitioners to first present their habeas claims to the state courts and to exhaust any state court appellate review process before a federal court can entertain their claims.  28 U.S.C. § 2254(b) and (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842-44 (1999); Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993).  Comity concerns dictate that federal courts should not overturn a state court conviction before giving state courts an opportunity to correct the alleged constitutional error.  Rose v. Lundy, 455 U.S. 509, 518 (1982).  Mr. Johnson must show that he has exhausted all state court remedies before filing his federal petition.  Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998).

It is a well-established principle under South Dakota law that when one is aggrieved by a decision of the South Dakota Board of Pardons and Parole, appeal must be had in the state circuit court pursuant to SDCL § 1-26-31 within 30 days of being served notice of the Board's decision.  SDCL § 1-26-31; Abdulrazzak v. South Dakota Board of Pardons & Paroles, 940 N.W.2d 672,

8

675 (S.D. 2020); Acevedo v. South Dakota Board of Pardons & Paroles, 768 N.W.2d 155, 158 (S.D. 2009); Santema v. South Dakota Board of Pardons & Paroles, 735 N.W.2d 904, 905 (S.D. 2007). Failure to appeal within 30 days of the Board's decision deprives the state circuit court of subject matter jurisdiction to hear the appeal. Schreifels v. Kottke Trucking, 631 N.W.2d 186, 188 (S.D. 2001); Hansen v. South Dakota Board of Pardons & Paroles, 601 N.W.2d 617, 619 (S.D. 1999).

Mr. Johnson admits that he never filed an appeal or a habeas petition in state court presenting the claims he now presents to this court in his § 2254 petition. Docket No. 1 at pp. 2-3, 5-10, 12-13. If there is still an avenue available to a § 2254 petitioner to exhaust his claims in state court, the federal court must dismiss his § 2254 petition without prejudice and send the petitioner back to state court to complete the exhaustion requirement. Carmichael, 163 F.3d 1045. However, there is no avenue available to Mr. Johnson to exhaust his claims in state court. If he tried to file an untimely appeal of the Board's action, the circuit court would dismiss his petition for lack of subject matter jurisdiction. Abdulrazzak, 940 N.W.2d at 675; Hansen, 601 N.W.2d at 619. Therefore, his claims are procedurally defaulted. Brakeall v. Dooley, 4:17-cv-04112-LLP, 2018 WL 3468707, at *4-6 (D.S.D. Jan. 2, 2018), aff'd, 2018 WL 3468226 (D.S.D. July 18, 2018).

When a claim is procedurally defaulted, the federal court may consider that claim only if the petitioner can show (1) cause and prejudice for the default, or (2) a fundamental miscarriage of justice. Coleman v. Thompson,

501 U.S. 722, 750 (1991). The only "fundamental miscarriage of justice" recognized by the Supreme Court to date is a claim of actual innocence demonstrated with new, reliable evidence. Schlup v. Delo, 513 U.S. 298, 321 (1995). It is Mr. Johnson's burden to show either cause and prejudice or fundamental miscarriage of justice. Coleman, 501 U.S. at 750.

Mr. Johnson did not address cause and prejudice or miscarriage of justice in his petition. See Docket No. 1. Nor does he address it in the response he filed after respondents moved to dismiss. See Docket No. 12. That response argues only the merits of his claim; Mr. Johnson never addresses the procedural obstacles to reviewing his claim. Id. A prisoner's *pro se* status, lack of education, lay status, and ignorance of the law do not constitute "cause" under the cause-and-prejudice standard. Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988). Because Mr. Johnson has not carried his burden to establish cause and prejudice or to establish actual innocence, he cannot prevail. Coleman, 501 U.S. at 750. The court recommends granting respondents' motion to dismiss on the grounds that Mr. Johnson's claims are procedurally defaulted.

## CONCLUSION

Based on the foregoing law, facts, and analysis, this magistrate judge respectfully recommends granting respondents' motion to dismiss [Docket No. 7] in its entirety and dismissing Mr. Johnson's § 2254 petition with prejudice.

**NOTICE TO PARTIES**

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 22nd day of October, 2021.

BY THE COURT:

*/s/ Veronica L. Duffy*
VERONICA L. DUFFY
United States Magistrate Judge